**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| LAUREN BENNETT, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:26-cv-04816 |
| | ) | |
| v. | ) | |
| | ) | |
| DAVID'S BRIDAL, INC., | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**COMPLAINT**

Plaintiff, Lauren Bennett ("Plaintiff") as an individual and on the behalf of similarly situated persons, by and through the undersigned counsel, hereby files this Complaint against David's Bridal, Inc. ("Defendant"), and in support states as follows:

**NATURE OF PLAINTIFF'S CLAIMS**

1.     This lawsuit arises under the Fair Labor Standards Act, 29 U.S.C. §201, *et seq.* ("FLSA") for Defendant' failure to pay minimum wage for all hours worked to Plaintiff and other similarly situated persons and for Defendant' retaliation against Plaintiff for engaging in protected activity under the FLSA.

2.     This lawsuit further arises under the Illinois Minimum Wage Law (820 ILCS 105/) ("IMWL") for Defendant' failure to pay minimum wage to Plaintiff.

3.     This lawsuit further arises under the Illinois Wage Payment and Collection Act (820 ILCS 115/ et seq.) seeking redress for Defendant's failure to pay Plaintiff wages and wage supplements for all hours worked.

## JURISDICTION AND VENUE

4.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331.  This action is authorized and instituted pursuant to 29 U.S.C. §201, *et seq*.

5.      Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 28 U.S.C. §1391(b) insofar as Defendant operate and transact business in this judicial district and the events giving rise to Plaintiff's claims occurred within this District.

6.      This Court has pendent jurisdiction and supplementary jurisdiction of Counts II-III through 28 U.S.C. §1367.

## PARTIES

7.      At all times material to the allegations of this Complaint, Plaintiff, Lauren Bennett resided in Cook County in the State of Illinois.

8.      At all times material to the allegations in this Complaint, Defendant, David's Bridal, Inc., was a corporation doing business in and for Cook County whose address is Park Pointe Plaza, 14916 Lagrange Rd, Orland Park, IL 60462.

## STATEMENT OF FACTS

9.      Plaintiff has been employed by Defendant as a part-time Bridal Stylist since on or about January 7, 2026.

10.      Plaintiff's job duties included, but were not limited to, the following:

- Assist customers in finding suitable clothing;

- Managing fitting rooms;

- Processing sales; and

- Interacting with walk-in customers.

11.      Plaintiff performed a specific job which was an integral part of Defendant's

business.

12. Plaintiff was Defendant's "employee" as defined by the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(d).

13. Defendant was Plaintiff's "employer" as defined in the FLSA, 29 U.S.C. § 203(d), and the IMWL, 820 ILCS 105/3(c).

14. In most if not all work-weeks, Plaintiff was not paid at least minimum wage for all hours worked.

15. Defendant agreed to pay Plaintiff an hourly rate of $17.25 per hour, and her compensation was to include both hourly wages and commissions based on sales.

16. At the start of Plaintiff's employment, Defendant agreed to pay Plaintiff 4% of her sales as commission.

17. However, Defendant failed to provide Plaintiff with written documentation outlining the commission structure, and Plaintiff was never given access to any records detailing her sales or commissions.

18. Defendant informed Plaintiff that January 2026 was designated as a training period, but that she would still be paid for her time worked, including both her hourly wage and commission.

19. Although Plaintiff began her employment in early January 2026, she did not receive her first paycheck until on or about February 20, 2026, despite working throughout January and February.

20. Plaintiff only received compensation for her hourly wages, with no payment for commissions on sales.

21. Since the beginning of her employment, Plaintiff has not had access to documented

hours, paystubs, or any detailed information regarding her sales or commission.

22. Instead, she has had to rely on hand-written notes she made herself.

23. Due to the ongoing issues with her pay, Plaintiff attempted to escalate the matter and contact Defendant's HR department via voicemail and email in or around late January 2026.

24. However, Plaintiff was informed by her manager, Kara Kuziel, that she could not speak with anyone above management regarding her concerns, which prompted Plaintiff to continue her attempts to address the issue with Defendant's HR.

25. Daphne (LNU), Defendant's HR Chief, reached out to Plaintiff on or about February 11, 2026, after Plaintiff had already raised her concerns with management.

26. However, Daphne did not address Plaintiff's concerns regarding her outstanding wages or commissions.

27. On the same day, Plaintiff asked Kara about her outstanding commissions, as she had received only one paycheck that covered her hourly wage but no commission.

28. Kara informed Plaintiff that the W-2 was allegedly never filled out, which Plaintiff denies, as Plaintiff had received confirmation that her W-2 and direct deposit were completed.

29. Kara further stated that Plaintiff would not receive the commissions for sales made during her employment, as commissions allegedly "roll over and disappear" after four weeks.

30. This statement was misleading, as Plaintiff had not been informed about the nature or conditions of the commission structure, and she was entitled to payment for commissions on the sales she made.

31. As a result of these violations, Plaintiff lost money working for Defendant, exacerbating the financial strain she was already experiencing as a result of not being paid her complete compensation.

4

32.     Plaintiff engaged in protected activity on numerous occasions by complaining to Kara about when she would be paid and why she was not receiving her promised commission.

33.     Initially, Plaintiff was scheduled to work three to four days per week, with shifts typically lasting four to five hours per day.

34.     However, in or around April 2026, after Plaintiff raised concerns regarding her pay, Plaintiff's schedule was retaliatorily reduced to only one day per week, primarily on weekends.

35.     Despite Plaintiff's complaints against management, she has not received payment for the January 2026 training and her outstanding commissions, and there is no clear documentation regarding how her sales were tracked, calculated, or paid.

36.     Plaintiff is still employed by Defendant and continues to face unresolved pay issues.

37.     Despite repeated inquiries, Defendant has not provided Plaintiff with clear or complete information about her pay, commissions, or work hours.

38.     To present, Plaintiff has still not received any pay for January 2026, and the commissions to all her sales since the beginning of her employment to the present.

39.     Upon information and belief, records concerning the number of hours worked and amounts paid to Plaintiff, including her owed commissions, to the extent they have not been destroyed by Defendant, are in Defendant's possession.

## COUNT I
### Violation of the Fair Labor Standards Act
### (Minimum Wage Violations)
### (Plaintiff on their own behalf and on behalf of all similarly-situated employees)

40.     Plaintiff repeats and re-alleges all preceding paragraphs as though fully stated herein.

41.     This count arises from Defendant 's violations of the Fair Labor Standards Act, 29 U.S.C. §201, *et seq*., for its failure to pay minimum wages to Plaintiff.

42. During the course of his employment by Defendant, Plaintiff and all other similarly situated employees were not exempt from the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206.

43. During the course of her employment by Defendant, Plaintiff was not exempt from the minimum wage provisions of the Fair Labor Standards Act, 29 U.S.C. §206.

44. Plaintiff was directed by Defendant to work, and did work, and was not paid for all hours worked.

45. Pursuant to 29 U.S.C. §206, for all weeks during which Plaintiff worked, she was entitled to be compensated at a rate 100% of their regular rate of pay, including the commissions she earned for sales made.

46. Defendant did not compensate Plaintiff at a rate of 100% of her regular rate of pay for all hours worked in individual workweeks.

47. Defendant's failure and refusal to pay minimum wages for all hours worked was a violation of the Fair Labor Standards Act, 29 U.S.C. §206.

48. Defendant willfully violated the Fair Labor Standards Act by refusing to pay Plaintiff and other similarly situated employees minimum wage pay for all times worked.

**COUNT II**
**Violation of the Illinois Minimum Wage Law**
**(Minimum Wage Violation)**
**(Plaintiff individually only)**

49. Plaintiff repeats and re-alleges all preceding paragraphs as though fully stated herein.

50. This Court has supplemental jurisdiction over the matters alleged herein pursuant to 28 U.S.C. §1367.

51. The matters set forth in this Count arise from Defendant's violation of the minimum

6

wage compensation provisions of the IMWL, 820 ILCS 105/4(a)(1).

52.     Plaintiff brings this action pursuant to 820 ILCS 105/4(a)(1). Pursuant to 820 ILCS 105/4(a)(1), for all hours during which Plaintiff worked, Plaintiff was entitled to be compensated at the state minimum of $15.00 per hour plus commissions earned for sales.

53.     Defendant violated the IMWL by refusing to compensate Plaintiff for all hours worked.

54.     Pursuant to 820 ILCS 105/12(a), Plaintiff is entitled to recover their unpaid wages, and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid.

## COUNT III
### Violation of the Illinois Wage Payment and Collection Act (820 ILCS 115/ *et seq*.)
### Failure to Pay All Wages and Wage Supplements Earned

55.     Plaintiff repeats and re-alleges all preceding paragraphs as if fully stated herein.

56.     Plaintiff was an "employee" employed by Defendant within the meaning of the IWPCA, (820 ILCS 115/2).

57.     Defendant was an "employer" as defined by the IWPCA (820 ILCS 115/2) and thus subject to the Illinois Wage Payment and Collection Act.

58.     Plaintiff entered into an employment contract with Defendant which provided compensation in the form of wages and wage supplements (commission) accrued by Plaintiff.

59.     The employment contract between Plaintiff and Defendant created mutual assent for Defendant to compensate Plaintiff for all wages and wage supplements (commission)earned.

60.     Pursuant to 820 ILCS 115/3:

> Every employer shall be required, at least semi-monthly, to pay every employee all wages earned during the semi-monthly pay period … Commissions may be paid once a month. (820 ILCS 115/3) (from Ch. 48, par. 39m-3)

7

61. Pursuant to 820 ILCS 115/4:

All wages earned by any employee during a semi-monthly or bi-weekly pay period shall be paid to such employee not later than 13 days after the end of the pay period in which such wages were earned. All wages earned by any employee during a weekly pay period shall be paid not later than 7 days after the end of the weekly pay period in which the wages were earned. (820 ILCS 115/4) (from Ch. 48, par. 39m-4)

62. Pursuant to 820 ILCS 115/14:

(a) Any employee not timely paid wages, final compensation, or wage supplements by his or her employer as required by this Act shall be entitled to recover through a claim filed with the Department of Labor or in a civil action, but not both, the amount of any such underpayments and damages of 5% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. In a civil action, such employee shall also recover costs and all reasonable attorney's fees.

(a-5) In addition to the remedies provided in subsections (a), (b), and (c) of this Section, any employer or any agent of an employer, who, being able to pay wages, final compensation, or wage supplements and being under a duty to pay, willfully refuses to pay as provided in this Act, or falsely denies the amount or validity thereof or that the same is due, with intent to secure for himself or other person any underpayment of such indebtedness or with intent to annoy, harass, oppress, hinder, delay or defraud the person to whom such indebtedness is due, upon conviction, is guilty of:

(1) for unpaid wages, final compensation or wage supplements in the amount of $5,000 or less, a Class B misdemeanor; or

(2) for unpaid wages, final compensation or wage supplements in the amount of more than $5,000, a Class A misdemeanor. (820 ILCS 115/14) (from Ch. 48, par. 39m-14).

63. The employment contract entered into by Plaintiff and Defendant gives Plaintiff the specific right to the unpaid wages she seeks, accrued wages and commission.

64. Defendant failed to pay Plaintiff her wages or commissions earned, in violation of the IWPCA, (820 ILCS 115/3-4).

65. Plaintiff is owed the wages and commission earned as a result of her hours worked for Defendant and any and all statutory penalties and interest under the IWPCA (820 ILCS 115/14).

66.     As a direct and proximate result of the violation(s) described above, Plaintiff has suffered loss of wages.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that this Honorable Court find in Plaintiff's favor and against Defendant as follows:

   a.  Back pay;

   b.  Payment of interest on all back pay recoverable;

   c.  Compensation for lost wages;

   d.  Compensation for lost commission on sales;

   e.  Front pay;

   f.  Loss of benefits;

   g.  Liquidated damages;

   h.  Compensatory and punitive damages;

   i.  Reasonable attorneys' fees and costs;

   j.  Award pre-judgment interest if applicable; and

   **k.**  Award Plaintiff any and all other such relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated: April 28, 2026.

> **/s/ Yasmeen Elagha, Esq.**
> Yasmeen Elagha, Esq.
> Mohammed Badwan, Esq.
> Kelly Dean Pearce, Esq.
> Sulaiman Law Group, Ltd.
> 2500 South Highland Avenue,
> Suite 200,

9

Lombard, Illinois 60148
Phone: (630) 575-8181
Fax: (630) 575-8188
yelagha@atlaslawcenter.com
mbadwan@atlaslawcenter.com
dpearce@atlaslawcenter.com
*Counsel for Plaintiff*